UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

BENJAMIN J. CAVINESS,

    Plaintiff,

v.

COMMISSIONER OF SOCIAL SECURITY,

    Defendant.
_____/

Case No. 1:20-cv-292

HON. JANET T. NEFF

**OPINION AND ORDER**

    Following two administrative hearings on remand, the Administrative Law Judge (ALJ) in this case issued an opinion dated February 27, 2019, determining that Plaintiff did not qualify for Disability Insurance Benefits (DIB). The Appeals Council declined to review the ALJ's determination, rendering it the final decision of the Commissioner of the Social Security Administration. Plaintiff brought this action for judicial review under 42 U.S.C. § 405(g), and the matter was referred to the Magistrate Judge, who issued a Report and Recommendation (R&R), recommending that this Court affirm the ALJ's decision. The matter is presently before the Court on Plaintiff's objections to the Report and Recommendation. In accordance with 28 U.S.C. § 636(b)(1) and FED. R. CIV. P. 72(b)(3), this Court has performed de novo review of the portions of the Report and Recommendation to which Plaintiff objects. For the following reasons, the Court denies the objections and issues this Opinion and Order.

    Plaintiff makes essentially two objections to the Magistrate Judge's recommendation that this Court affirm the ALJ's decision. First, Plaintiff asserts that the ALJ "failed to conduct a

meaningful analysis" of the medical evidence in this case (Pl. Obj., ECF No. 21 at PageID.1479-1483). According to Plaintiff, sending Plaintiff for a consultative examination in October 2017, well after his December 31, 2012 Date Last Insured (DLI), "does not seem to be reasonably calculated to lead to the introduction of evidence the ALJ would consider relevant," given the ALJ's "dismissive attitude toward post-DLI evidence" (*id.* at PageID.1480). Indeed, Plaintiff opines that the ALJ "ignored" testimony from the medical expert (*id.* at PageID.1479).

Plaintiff's argument lacks merit. The Magistrate Judge correctly indicated that to be eligible for disability benefits, Plaintiff was required to establish that he became disabled *before* the expiration of his insured status on December 31, 2012 (R&R, ECF No. 20 at PageID.1466). Regarding the relevant evidence in the record, the Magistrate Judge determined the following:

> The evidence prior to the expiration of Plaintiff's insured status reveals that he was not experiencing symptoms inconsistent with the ALJ's RFC assessment. Moreover, Plaintiff's then current care providers did not impose on Plaintiff limitations that are inconsistent with the ALJ's RFC assessment. While Plaintiff's condition appears to have subsequently deteriorated, the record does not support a finding that such occurred prior to the expiration of Plaintiff's insured status. In fact, Dr. Clark, on whose opinion Plaintiff places such significance, specifically found that the limitations she identified were first present in 2014, at least one year after the expiration of Plaintiff's insured status.

(*id.* at PageID.1474-1475). Plaintiff's argument does not reveal any factual or legal error in the Magistrate Judge's analysis or ultimate conclusion that the ALJ's residual functional capacity is supported by substantial evidence.

Second, Plaintiff argues that the Magistrate Judge erred in concluding that the ALJ's Step Five Finding is supported by substantial evidence where, according to Plaintiff, the ALJ improperly included certain occupations in contradiction to the testimony of the vocational expert (Pl. Obj., ECF No. 21 at PageID.1481). Plaintiff disagrees with the Magistrate Judge that even if the occupations at issue were excluded, the numbers of remaining jobs "far exceed the significant

number threshold" (*id.* at PageID.1481-1482, quoting R&R, ECF No. 20 at PageID.1477).  *See generally* 20 C.F.R. § 404.1566(a) ("[W]ork exists in the national economy when it exists in significant numbers either in the region where [the claimant] live[s] or in several other regions of the country.").  Plaintiff argues that "[i]t's far from clear that the remaining 27,100 jobs constitute a significant number" (Pl. Obj., ECF No. 21 at PageID.1483), but the Sixth Circuit has explained that there is no bright-line boundary separating a "significant number" from an insignificant numbers of jobs and that what constitutes a significant number of jobs is to be determined in each individual case, based on a particular claimant's factual situation.  *See Taskila v. Comm'r of Soc. Sec.*, 819 F.3d 902, 906 (6th Cir. 2016) (citing *Hall v. Bowen*, 837 F.2d 272, 275 (6th Cir. 1988)).  Therefore, the Court determines that Plaintiff's second argument likewise fails to reveal any factual or legal error by the Magistrate Judge.

Having denied the objections, the Court will adopt the Magistrate Judge's Report and Recommendation as the Opinion of this Court and enter a Judgment consistent with this Opinion and Order.  *See* FED. R. CIV. P. 58.  Accordingly:

**IT IS HEREBY ORDERED** that the Objections (ECF No. 21) are DENIED, the Report and Recommendation of the Magistrate Judge (ECF No. 20) is APPROVED and ADOPTED as the Opinion of the Court, and the decision of the Commissioner of Social Security is AFFIRMED.

Dated:  July 29, 2021                                                /s/ Janet T. Neff
                                                                                   JANET T. NEFF
                                                                                   United States District Judge